# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00341-CV

**Rick Perry, in his official capacity as Governor of the State of Texas, Henry Cuellar, in his official capacity as Secretary of State of the State of Texas, and Bill Ratliff, in his official capacity as Lieutenant Governor of the State of Texas, Appellants**

**v.**

**David Brown, David O. Zambrano and Joy Smith, Appellees**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT NO. GN100812, HONORABLE PAUL DAVIS, JUDGE PRESIDING

In this interlocutory appeal regarding state legislative redistricting, we consider whether the trial court committed reversible error by denying a plea to the jurisdiction based upon issues of ripeness. Applying principles recently enunciated by this Court and the Texas Supreme Court in *Perry v. Del Rio*, we will affirm.[1] *See Perry v. Del Rio*, No. 01-0728, 44 Tex. Sup. Ct. J. 1147, 2001 Tex. LEXIS 81 (Sept. 12, 2001); *Perry v. Del Rio*, No. 03-01-00340-CV, 2001 Tex. App. LEXIS 5368 (Tex. App.—Austin Aug. 9, 2001).

---

[1] The appellees argue that the appeal should be dismissed for want of jurisdiction because the appellants are not "governmental units" under the sections of the Civil Practice and Remedies Code that provide for interlocutory appeals. *See* Tex. Civ. Prac. & Rem. Code Ann. §§51.014(a)(8), 101.001 (West Supp. 2001). For the reasons we set out in *Del Rio*, we overrule the appellees' motion to dismiss and will consider the appeal. *See Perry v. Del Rio*, No. 03-01-00340-CV, slip op. at 2-6, 2001 Tex. App. LEXIS 5368, at *3-9 (Tex. App.—Austin Aug. 9, 2001, pet. dism'd).

On January 9, 2001, the Texas Legislature convened its 77th Regular Session. On March 12, the 2000 census information was published, showing that due to population growth and shifts, Texas' current legislative districts were malapportioned and needed to be redrawn. The legislature adjourned *sine die* on May 28, 2001, without passing a state redistricting plan. As provided by the Texas Constitution, the Legislative Redistricting Board (the "LRB") then had sixty days from its first meeting to draft a constitutionally-sound redistricting plan. *See* Tex. Const. art. III, § 28. The LRB convened on June 6 and apparently adopted its plan on July 24.

On March 16, 2001, David Brown, David O. Zambrano, and Joy Smith (collectively "Brown") filed suit in Travis County against the Governor, the Lieutenant Governor, the Speaker of the Texas House of Representatives, the Secretary of State, and the chairs of the state Democratic and Republican parties. Brown sought declaratory and injunctive relief regarding the malapportioned state legislative districts. The Governor, the Secretary of State, the Lieutenant Governor, and the chair of the Republican Party filed pleas to the jurisdiction alleging the suit was not ripe for determination. On May 31, after the legislature had adjourned *sine die* without the passage of a state legislative redistricting plan, Brown amended his petition to reflect that fact. Subsequently, on June 15, the district court denied the pleas to the jurisdiction, and the Governor, Secretary of State, and Lieutenant Governor (collectively "Appellants") appealed. Brown filed a second amended petition on July 25 and additional amendments thereafter.[2]

---

[2] Another lawsuit regarding the same issues was filed in Travis County on July 25. *See Breedlove v. Perry*, trial court cause no. GN1-02285. That case has now been consolidated with the *Brown* case in the district court during the pendency of this appeal.

Appellants complain that the district court erred in denying the pleas to the jurisdiction because the ripeness of a lawsuit must be evaluated as of the date the suit is filed and, therefore, Brown's suit was not ripe because the time had not yet run on the legislature's and the LRB's power to enact a satisfactory redistricting plan. Contrary to Appellants' argument, the supreme court in *Del Rio* stated:

> *Patterson*[3] and *Gibson*[4] both support the proposition that a case which is not ripe when filed *may* be dismissed, especially if the likelihood that it will soon become ripe cannot be demonstrated. The district court could properly have dismissed *Del Rio* for lack of ripeness while the Legislature was still considering redistricting during the regular session . . . . But just as a case may become moot after it is filed, it may also ripen. After the claims in *Del Rio* ripened, the district court was not required to dismiss the case simply because it was filed prematurely. . . . [W]e hold that a claim's lack of ripeness when filed is not a jurisdictional infirmity requiring dismissal if the case has matured.

*Del Rio*, No. 01-0728, slip op. at 18-19, 44 Tex. Sup. Ct. J. at 1154, 2001 Tex. LEXIS 81, at *30-32 (emphasis in original).

Although the principles set forth in *Del Rio* govern our decision, the facts differ somewhat. Because the legislature is charged with drawing congressional districts, the supreme court determined that the so-called "bright-line" date upon which congressional redistricting claims became ripe for adjudication was the day the legislature adjourned *sine die* without having passed a congressional redistricting bill. *Id.*, slip op. at 27. In *Del Rio*, the trial court denied the pleas to the jurisdiction after that bright-line date. *Id.*, slip op. at 8-9. In contrast, no court has decided a bright-

---

[3] *Patterson v. Planned Parenthood*, 971 S.W.2d 439 (Tex. 1998).

[4] *Waco Indep. Sch. Dist. v. Gibson*, 22 S.W.3d 849, 851 (Tex. 2000).

3

line date for determining the ripeness of state-redistricting cases. Assuming the same date controls, Brown's suit likewise was ripe when the pleas were denied. Arguably, however, because the state constitution charges the LRB with creating legislative districts if the legislature fails to do so, the bright-line date on which state legislative redistricting suits ripen may be later than *sine die* adjournment. Assuming the bright-line date was the date on which the LRB acted (July 24) or when its constitutionally-mandated sixty days expired (August 5), we note that the district court denied the pleas to the jurisdiction on June 15, before either of those dates. Although in *Del Rio* the supreme court suggested that a trial court has some discretion to refuse to dismiss when the parties can demonstrate a likelihood that the cause will soon become ripe,[5] we need not reach this issue. *See id.*, slip op. at 18-19. The supreme court recognized that in determining ripeness, appellate courts may consider circumstances that occur *after* a trial court rules. *See id.*, slip op. at 16 n.50 (citing *Buckley v. Valeo*, 424 U.S. 1, 114-17 (1976) (considering events occurring after lower court's decision), and *Regional Rail Reorganization Act Cases*, 419 U.S. 102, 140 (1974) ("since ripeness is peculiarly a question of timing, it is the situation now rather than the situation at the time of the District Court's decision that must govern.")).

Applying this rationale, issues regarding state redistricting are now obviously ripe. Therefore, because this cause has now ripened with age, we cannot conclude that the district court committed reversible error in denying Appellants' pleas to the jurisdiction. We make no

---

[5] The LRB convened on June 6. The LRB was required to conclude its redistricting business by August 5. *See* Tex. Const. art. III, § 28. On June 15, when the district court denied Appellants' pleas, it was clear that at the latest this cause would ripen in fewer than sixty days.

4

determination of whether the district court in *Brown* has dominant jurisdiction over any other court regarding the state legislative redistricting cases. We affirm the district court's order.

_____

Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Kidd and Yeakel

Affirmed

Filed:   October 4, 2001

Publish